**Patrice TURNBOUGH, Appellant (Employee below),**

v.

**CAMPBELL COUNTY MEMORIAL HOSPITAL, Appellee (Employer below).**

**No. 4074.**

Supreme Court of Wyoming.

July 21, 1972.

William D. Norman, Gillette, for appellant.

Thomas E. Lubnau, Gillette, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GUTHRIE, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

This is an appeal from an order denying the employee's motion under Rule 60(b), W.R.C.P.,[1] to reopen a matter previously dismissed by the trial court.

The appellant-employee, while working for the appellee-employer, was injured on November 27, 1969. She received medical benefits and temporary total disability through Workmen's Compensation. On August 13, 1970, the employer objected to further payments and filed its notice of disapproval of a certain claim. On August 20, 1970, the district court set the matter for hearing on September 14, 1970. Apparently this hearing was not held. On August 9, 1971, the employee, through her retained counsel who had represented her during the periods relevant to this appeal, filed a motion for trial setting and requested the matter be set for hearing on August 26, 1971. On August 12, the trial court executed an order setting the matter for hearing on August 26, as requested by the employee.

Employee's counsel, Mr. Norman, did not appear for the hearing on August 26, 1971, but appearance was made by another attorney who, on behalf of Mr. Norman, requested a continuance. Counsel explained to the trial court that Mr. Norman advised him something had come up in Denver which required his presence there. Counsel did not know why Mr. Norman had to go to Denver, and the trial court remarked that if there had been some emergency certainly Mr. Norman could have advised counsel or the court. In any event, the court announced it would be in recess, whereupon, on September 8, 1971, the trial court entered its order denying the employee's motion for continuance and denied the employee's claim which, in effect, dismissed her application.

On September 24, 1971, the employee filed a motion to reopen the proceeding pursuant to Rule 60(b). The motion stated:

"* * * as grounds for this request the Employee has attached hereto the sworn affidavit of her attorney asserting that by virtue of an irreconcilable conflict of dates he was forced to be in Denver, Colorado on the date set for hearing of this matter and could not arrange for other counsel to prosecute the matter."

The trial court heard the motion on October 7, 1971, and on October 18, 1971, entered its order denying the employee's motion to reopen said matter. It is from this order that employee appealed.

The employee argued that the discretionary power of the court under Rule 60 (b) should be liberally exercised in furtherance of justice. She further argued that: "In accordance with the provisions of Rule 60(b) a party may be relieved from a judgment or order because of the mistake, indadvertence, [sic] surprise, or excusable neglect of his attorney, provided what the attorney did or failed to do was excusable. Appellant maintains that under the circumstances of facing an intolerable conflict of hearing dates, arranging for appearance of other counsel to request a continuance and the absence of any showing of undue predjudice [sic] to the rights of the Apellee, [sic] She [sic] should be entitled to have the order of dismissal set aside and a trial on the merits of her claim."

---

1. The pertinent part of our Rule 60(b) provides as follows: "On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; * * *" Our Rule 60(b) is the Federal rule, through the sixth ground for the motion.

The employee recognized that granting of the motion is within the sound discretion of the trial court.

The employer argued that the employee had not exhausted her remedies and therefore her appeal should be dismissed. The employer pointed out that under § 27–117, W.S.1957 (1971 Cum.Supp.), our Workmen's Compensation statute, the employee had four years to make application for additional benefits and such period had not yet expired.

■■■ Our decision is limited to determining whether the trial court was clearly wrong in denying the motion to set aside the order of dismissal. Gomes v. Williams, 10 Cir., 420 F.2d 1364. The employee made no argument that the trial court committed error in dismissing the action in the first instance, and examination of the record indicated there was sufficient justification for the trial court's action. The burden was upon the movant (employee) to bring herself within the provisions of the rule, i. e., show excusable neglect. Smith v. Kincaid, 6 Cir., 249 F.2d 243. We are convinced that the employee had failed in her burden of showing she was entitled to relief under the rule, but even if she had met this burden her cause on appeal must still fail for reasons set forth later in this opinion.

On August 9, 1971, Mr. Norman filed a motion asking that the Workmen's Compensation application for claim be set for trial at the earliest possible date. On August 12, 1971, the court heard the motion and, at the employee's request, set the matter for hearing on August 26, 1971. At the hearing on August 26, the trial court noted and commented on Mr. Norman's failure to appear, and, without taking any evidence or considering the matter on the merits, announced the court would be in recess. On September 8, the trial court executed its order denying the verbal motion for con-

tinuance made by counsel on behalf of Mr. Norman on August 26, and dismissed the employee's claim. Mr. Norman had from August 26, 1971, until September 7, 1971, to file a formal motion for continuance supported by affidavits showing good cause, if any be had, but he failed to do so. This is but another indication of his inattention to the basic and necessary details required and expected of those engaged in the practice of law.

Additionally, we think the employee's appeal had no merit for a very basic reason, as hereafter set forth.

Apparently, the employee's action was dismissed by the trial court pursuant to Rule 41(b) (2), W.R.C.P. This rule, which seems to have no counterpart in the Federal rules, provides:

"Upon its own motion the court may dismiss without prejudice any action not prosecuted or brought to trial with due diligence."

As was pointed out by the employer, under § 27–117, the employee may within four years of the last award make application for benefits. Since the last award was made on June 22, 1970, the employee, so far as the statutory period is concerned, would have until June 22, 1974, to make application for further benefits.

If the dismissal is without prejudice and the appellant can file another claim,[2] it is difficult to understand how the employee can argue that she had been prejudiced by a dismissal. If there had been no harm to the employee by the dismissal, there could be no abuse of discretion in the trial court's failure to grant the employee's motion to reinstate. There is no denial to the employee of her day in court.

We conclude the trial court had the power under Rule 60(b) to deny the relief requested. The order must therefore be affirmed.

Affirmed.

2. Under Wyoming Workmen's Compensation laws there is no filing fee for a claim, and attorney's fees are very limited and controlled by the court. It would therefore seem there could be no additional expense to the employee.

McINTYRE, Chief Justice (concurring).

Although I concur in the result reached, I fail to find in the record any support for the majority's assumption that the employee's action was dismissed pursuant to Rule 41(b) (2), W.R.C.P., or for the assumption that the dismissal was without prejudice.

What the record actually reflects is that a claim was filed. It was disputed and a hearing was set at the request of the claimant. At the time set for the hearing, an attorney other than counsel for the claimant appeared and requested a continuance for the convenience of claimant's counsel. The request was denied. The order actually entered did two things. It denied the motion for continuance; and it also adjudged and decreed that the claim of the employee "be and the same is hereby denied."

Inasmuch as the claimant had the burden of proof and failed to offer proof at the time set for hearing, the judge was entirely justified in denying the claim. Therefore, I cannot accept as true what is indicated in the majority opinion—that the employee can file again a claim which has been acted upon and *denied*.