Ben MARTELLARO, Appellant (Defendant below), and J. A. Redner, (Defendant below),

v.

Barton E. SAILORS et al., Appellees (Plaintiffs below).

No. 4216.

Supreme Court of Wyoming.

Nov. 13, 1973.

Arthur Kline, Cheyenne, for appellant.

Floyd R. King, Jackson, for appellees.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE, and Mc-CLINTOCK, JJ.

Mr. Justice GUTHRIE delivered the opinion of the court.

This is an appeal from an order of the trial court denying appellant's motion for vacation of summary judgment and for stay of proceedings to enforce judgment

---

under Rule 60(b)(1) and (6), W.R.C.P. The judgment sought to be vacated was a summary judgment entered on May 1, 1972. This motion was filed August 16, 1972.

In his motion to vacate, appellant asserted that he had no notice of the motion for summary judgment and had not received a copy thereof; that he had filed an answer to the complaint; that the affidavits in support of the summary judgment did not contravene the allegations in the answer; and that genuine issues of material facts existed.

The material portion of the affidavit of appellant attached to the motion in support thereof recites his filing of an answer and that his address was 2064 Rosedale Drive, San Pablo, California, and that mail so addressed was customarily delivered to him; the entry of the judgment entered pursuant to the motion for summary judgment; that he did not receive the notice and had no knowledge of the hearing or the entry of this judgment until after the judgment had been entered; and that he had a meritorious defense. There were no facts recited in this affidavit setting out any defense— only conclusions. Appellant made no other showing in support of this motion.

Plaintiffs' attorney certifies to the mailing of this notice to appellant at his proper address on April 13, 1972. In addition there also appears in the record an affidavit of service by plaintiffs' attorney showing the mailing of the notice of hearing by certified mail to the proper address on April 13 and its return marked "Unclaimed." The envelope enclosing the notice also appears in the record and the following notation appears thereon: "No response. Left notice 4–15–72." It shows its return to the sender on May 19, 1972. No explanation is made why the letter was not delivered after such notice nor any denial that such notice was given.

The rule under which appellant seeks to proceed applies to special situations justifying extraordinary relief, Hulson v. The Atchison, Topeka and Santa Fe Railway Company, 7 Cir., 289 F.2d 726, 730, certiorari denied 368 U.S. 835, 82 S.Ct. 61, 7 L. Ed.2d 36; John E. Smith's Sons Company v. Lattimer Foundry & Machine Company, 3 Cir., 239 F.2d 815, 817; 11 Wright and Miller, Federal Practice and Procedure, § 2857, p. 160 (1973); and a showing of the exceptional circumstances should be made, Kennedy v. Kennedy, Wyo., 483 P.2d 516, 518; John E. Smith's Sons Co. v. Lattimer Foundry & Machine Company, supra; Hulson v. The Atchison, Topeka and Santa Fe Railway Company, supra. The burden is upon the movant to bring himself within this rule, Turnbough v. Campbell County Memorial Hospital, Wyo., 499 P.2d 595, 597; Smith v. Kincaid, 6 Cir., 249 F.2d 243, 245. "A motion under this rule is addressed to the sound discretion of the court and must be clearly substantiated by adequate proof," Thomas III v. Colorado Trust Deed Funds, Inc., 10 Cir., 366 F.2d 136, 139.

 An application under this rule is not a substitute for an appeal, Kennedy v. Kennedy, supra; 11 Wright and Miller, supra, § 2851, p. 142, and cases cited; 7 Moore's Federal Practice, § 20.18, p. 271 (2d Ed.). See Ackerman v. United States, 340 U.S. 193, 71 S.Ct. 209, 212, 95 L.Ed. 207, and Polites v. United States, 364 U.S. 426, 81 S.Ct. 202, 206, 5 L.Ed.2d 173, for the effect of failure to appeal. The affidavit or showing of the appellant suggests no reason why these questions were not raised and pursued in an appeal nor that he was in any manner prevented from appealing. There is no showing that appellant did not know of this judgment in ample time to file a notice of appeal. He contents himself with the statement that he had no knowledge of "the entry of the judgment until after the judgment had been entered." It must be assumed, particularly in absence of denial of the receipt thereof, that the clerk of court immediately upon its entry mailed a copy of the judgment to appellant as provided by Rule 77(d), W.R.C.P., Travis v. Estate of Travis, 79 Wyo. 329, 334 P.2d 508, 511–512.

All the alleged errors asserted in connection with the grant of summary judgment were cognizable on appeal. This motion was filed not within the time allowed for appeal but 77 days after the time had expired. There must be some finality to these proceedings and they cannot be prolonged by reliance upon this rule except under compelling circumstances, Kennedy v. Kennedy, supra.

■ Although it is not specifically required in the rule, if a showing that the movant had a meritorious defense was not required the result would be vexatious and needless delay inimical to the theory that a judgment should have some finality. This necessity is often recognized, Consolidated Masonry & Fireproofing, Inc., v. Wagman Construction Corporation, 4 Cir., 383 F.2d 249, 251; Gomes v. Williams, 10 Cir., 420 F.2d 1364, 1366; 11 Wright and Miller, supra, § 2857, p. 160, and cases cited; 35B C.J.S. Federal Civil Procedure § 1233, p. 666. Gomes is also of particular application to this case when reliance is made on conclusionary statements, holding that the allegation of a meritorious defense without facts is insufficient. See also Consolidated Masonry & Fireproofing, Inc., v. Wagman Construction Corporation, supra, 383 F.2d at 251–252.

■ Our consideration is limited to a determination of whether the trial court was clearly wrong in denying this motion, Turnbough v. Campbell County Memorial Hospital, supra; and we cannot consider the contentions asserted by appellant in attacking the summary judgment, Brennan v. Midwestern United Life Insurance Company, 7 Cir., 450 F.2d 999, 1003, 13 A.L.R.F. 243, certiorari denied 405 U.S. 921, 92 S. Ct. 957, 30 L.Ed.2d 792.

The trial court cannot be said to have abused its discretion.

Affirmed.