Vicki **ATKINS**, Appellant (One of defendants below),

John R. **Atkins**, (One of defendants below),

v.

**HOUSEHOLD FINANCE CORPORATION OF CASPER, WYOMING,** Appellee (Plaintiff below).

**No. 4878.**

Supreme Court of Wyoming.

July 14, 1978.

---

Duane Myres, Casper, for appellant.

William F. Swanton, Casper, for appellee.

Before GUTHRIE, C. J., and McCLIN-TOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

This is an appeal from an order denying appellant's motion to set aside a summary judgment under Rule 60(b)(1), W.R.C.P.[1] Appellee sought and was granted summary judgment, on December 2, 1976, against appellant and her then-divorced husband, in the amount of $2,319.36. The summary judgment was based on a determination of liability under a defaulted note—executed by appellant to appellee as a co-maker or guarantor on her brother-in-law's loan, which was secured by a color television set and a 1968 Chevrolet vehicle. On June 24, 1977, appellant filed her motion to set aside the summary judgment, alleging that the judgment had been entered because of mistake, inadvertence and surprise on her part. The trial court disagreed and denied the motion. We will affirm.

In her verified motion to set aside the judgment, appellant asserted that she had filed a pro se answer to appellee's complaint on May 27, 1975; that appellee had moved for summary judgment on September 1, 1976; that she had attended a hearing pursuant to that motion on November 30, 1976; that she had been led to believe that the

---

1. Rule 60(b)(1), W.R.C.P., provides:

   "*Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect;"

hearing was just a preliminary hearing and that she would have additional time to obtain counsel and adequately defend the action. Finally, she argues that she had a meritorious defense to the action in support of which assertion she sets out facts relating to the failure of appellee to give notice of a default sale of the 1968 Chevrolet vehicle. In the material portions of the affidavit of appellant attached to her motion, she deposes and says:

"10. I went to the hearing on November 30, 1976 thinking that it was just a preliminary hearing and after talking to the Judge, I believed that I would be going back to Court in about another month for a final hearing. I had no idea that the case was over after our meeting with the Judge.

"11. Then in February, 1977, my wages were garnisheed by HFC and I contacted Legal Aid Services in Casper concerning this matter and was advised to obtain legal counsel in this matter."

The record disclosed that on December 1, 1976—the day following the summary-judgment hearing—the trial court judge received a letter from appellee's attorney which stated:

"Enclosed you will find a Judgment granting the Motion for Summary Judgment in the captioned case which came on for hearing before you on Tuesday, November 30, 1976. Also enclosed you will find the original note executed by defendants, John R. and Vicki Atkins to be merged into the Judgment.

"In checking with the manager of Household Finance Corporation we are advised that the 1968 Chevrolet vehicle bearing serial number CE24S116842 was sold for the sum of $200.00 in August of 1975 which sum had been credited against the interest and principal due. The last payment before August of 1975 being September 1974.

"Please have the Clerk of Court certify the enclosed copies of the Judgment and return the same to my office. Thank you."

The docket entries for this case reveal that the judgment was filed December 2, 1976, but there is no indication therein that the clerk of court mailed a copy of the judgment to appellant. Counsel for appellee argues that the trial judge announced his judgment in open court, but since no transcript of the November 30 hearing appears in the record, we have no record knowledge of that asserted fact. Subsequent to entry of the summary judgment, two executions were issued and served on employers of appellant's former husband, but neither were effective garnishments. In February, 1977, an execution was issued and served on appellant's employer, leading appellant to seek legal counsel.

On appeal, appellant contends that the trial court abused its discretion in denying her motion to set aside the summary judgment. A motion under Rule 60(b), W.R.C.P. is addressed to the sound discretion of the court and must be clearly substantiated by adequate proof. *Martellaro v. Sailors*, Wyo., 515 P.2d 974, 975. The burden is upon the movant to bring himself within the rule. *Martellaro v. Sailors*, supra; and *Turnbough v. Campbell County Memorial Hospital*, Wyo., 499 P.2d 595, 597. In reviewing the denial of such a motion, this court is limited to a determination of whether the trial court was clearly wrong. *Turnbough v. Campbell County Memorial Hospital*, supra.

In support of her contention, appellant takes the position in her appellate brief that in response to her inquiry about the notice of summary judgment hearing, appellee's counsel informed her that "it was just a preliminary hearing and that she did not need an attorney." This claim of misrepresentation was not fully expressed in her affidavit in support of the Rule 60(b)(1) motion, and appellant did not appear to testify at the hearing on that motion. As a result, we cannot conclude that this particular ground was adequately presented to the trial court. This court will not consider matters upon which the record is silent (*Matter of Estate of Reed*, Wyo., 566 P.2d 587), nor will we consider matters not called

to the attention of the trial court. *Angus Hunt Ranch, Inc. v. Bowen*, Wyo., 571 P.2d 974.

██ In further support of her position that the trial court abused its discretion in failing to grant her Rule 60(b)(1) motion, appellant alleged in her brief and oral argument before this court that the November 30, 1976, hearing was her last contact with the trial court until her wages were garnisheed in February, 1977. In her affidavit to the trial court, filed in support of her motion to set aside the summary judgment, appellant did not expressly deny receipt of a copy of the judgment. For all that is known from her affidavit, she may have in fact received a copy of the court's order. A similar fact situation was present in *Martellaro v. Sailors*, supra, wherein the defendant-appellant had asserted lack of knowledge of the entry of a summary judgment in support of his Rule 60(b) motion. In rejecting the sufficiency of that allegation to overturn a denial of the motion therein, we said:

> ". . . There is no showing that appellant did not know of this judgment in ample time to file a notice of appeal. He contents himself with the statement that he had no knowledge of 'the entry of the judgment until after the judgment had been entered.' It must be assumed, particularly in absence of denial of the receipt thereof, that the clerk of court immediately upon its entry mailed a copy of the judgment to appellant as provided by Rule 77(d), W.R.C.P., *Travis v. Estate of Travis*, 79 Wyo. 329, 334 P.2d 508, 511–512. . . ." 515 P.2d at 975.

Likewise, in the present case, appellant's affidavit merely makes an *implicit* statement that she had no knowledge of the entry of the judgment until February, 1977. In the absence of a showing to the contrary, we must presume that a public officer has performed a duty imposed by law. *Rim Group v. Mountain Mesa Uranium Corporation*, 78 Wyo. 204, 321 P.2d 229, reh. den. 78 Wyo. 213, 323 P.2d 939. Appellant could have provided testimony from the clerk of court or appellee's attorney concerning notification of the summary judgment—and she could have preserved such testimony for the purposes of an appeal. Failing this, we are unable in this case to conclude that appellant substantiated her Rule 60(b) motion by adequate proof. Since the trial court cannot be said to have been clearly wrong in denying appellant's motion, we cannot consider appellant's contentions with respect to the propriety of the summary judgment, even though they may have merit. *Martellaro v. Sailors*, supra.

Affirmed.

McCLINTOCK, J., concurs in the result.