**MINI MART, INC., Appellant (Defendant-Employer),**

v.

**Lisa Ann WORDINGER, Appellee (Plaintiff-Employee),**

**State of Wyoming, ex rel. Wyoming Worker's Compensation Division, (Defendant).**

No. 86–19.

Supreme Court of Wyoming.

May 14, 1986.

Catherine W. Hansen and Mark W. Gifford of Brown, Drew, Apostolos, Massey & Sullivan, Casper, for appellant.

Gregory C. Dyekman and Douglas G. Madison of Dray, Madison & Thomson, P.C., Cheyenne, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Justice.

This appeal results from the district court's order granting appellee Lisa Ann Wordinger relief from all worker's compensation orders and terminating her worker's compensation coverage. The case is unique inasmuch as appellee, as employee, sought termination of her worker's compensation benefits. Appellant/employer Mini Mart contested the termination and brings the present appeal.

Appellant raises the following issues which we will consider together:

"A. Did the lower court abuse its discretion in granting plaintiff's motion for relief from worker's compensation orders and motion for termination of worker's compensation coverage and benefits pursuant to Rule 60(b)(1), Wyoming Rules of Civil Procedure?

"(1) Do the doctrines of Equity and Estoppel prohibit the Appellee from using Rule 60(b)(1), W.R.C.P. to contest the Award of Benefits?

"(2) Can Rule 60(b), W.R.C.P. be used to avoid a final order entered on a presumed mistake of law?

"(3) Was a mistake made in the initial determination to award Worker's Compensation benefits?"

We will affirm.

As noted above, the facts in the case are unique. Both parties stipulated to a statement of the facts. Appellee was employed by Mini Mart in the home office in Casper, Wyoming, as a merchandise accounts payable clerk. On October 26, 1984, appellee and a co-employee, Kimberly McDaniels, were requested by Kurt Bachand, zone manager for Mini Mart, to travel in Ms. McDaniel's car to Parker, Colorado, and work for two days at the grand opening of a new Mini Mart store. Mr. Bachand advised appellee that while at the grand open-

ing her duties would include popping popcorn, rolling cotton candy, warming pizzas, and greeting customers. Apparently Mini Mart felt it would be good policy to involve home office employees in grand openings to improve relations between store employees and home office employees.

Appellee was seriously injured in a car accident en route to the grand opening on October 27, 1984. Appellee was asleep in the passenger seat when the car in which she was riding, driven by Ms. McDaniels, left the road. The accident occurred approximately twenty miles north of Cheyenne on I-25. As a result of the accident appellee's injuries were complex, and in addition to other injuries, she is paralyzed from the chest down.

The parties agreed that at all times before the accident, appellee was not engaged in an "extrahazardous occupation or employment," nor had she ever been reported previously as a "covered employee" by Mini Mart for worker's compensation. Larry Veber, Personnel director for Mini Mart, testified that home office employees were covered by commercial insurance while store employees were covered by worker's compensation. Mr. Veber further testified that after the accident, Mini Mart management made the decision to report the accident to both the commercial insurance carrier and worker's compensation, and to list appellee as a covered employee for October, 1984, even though Mini Mart had never listed her previously as a covered employee.

Mr. Veber also informed appellee's mother shortly after the accident that accident reports would be filed with both the commercial insurance carrier and worker's compensation. On November 5, 1984, a document entitled "Employer's Report of Injury or Occupational Illness or Disease" signed by Larry Veber, was filed with the district court. In the report, appellee's occupation was described as a merchandise accounts payable clerk, but the report also indicated that at the time of the accident, appellee was "traveling to one of our

stores to work as sales clerk for store grand opening."

Worker's compensation was awarded to appellee and approximately $85,000 was paid on her behalf. On May 22, 1985, appellee brought this action against Mini Mart and the worker's compensation division to obtain relief from worker's compensation orders and to terminate worker's compensation benefits. The district court granted appellee relief from the worker's compensation orders, terminated worker's compensation benefits and imposed a lien upon appellee to repay the worker's compensation benefits. Appellee repaid all the benefits to the worker's compensation division February 26, 1986.

Appellee filed a motion for relief based upon Rule 60(b), Wyoming Rules of Civil Procedure, which provides in pertinent part:

"Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.—On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment. * * * *"

Appellee also based her claim for relief upon § 27–12–606, W.S.1977 (June 1983 Replacement), which provides:

"Where an award of compensation has been made in favor of or on behalf of an employee for any benefits under this act [§§ 27–12–101 through 27–12–804], an application may be made to the clerk of district court by any party within four (4) years from the date of the last award, or at any time during which monthly payments under an award are being made, for additional benefits of any type or nature or for a modification of the amount of the award on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud."

The trial court found § 27–12–606 inapplicable because it provides that an application be made for "additional benefits" or for "a modification of the amount of the award." No claim was made for additional benefits or for an award modification. Rather, appellee sought relief from worker's compensation orders and termination of worker's compensation benefits. Since an award of worker's compensation is a "judicial determination" pursuant to § 27–12–607, we think the trial court was correct in determining that the action was one for relief from a judgment or order and should be decided under Rule 60(b), W.R.C.P.

Motions brought under Rule 60(b) are to be decided within the sound discretion of the court and must be supported by adequate proof. *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.*, Wyo., 664 P.2d 121 (1983). Since such motions are within the sound discretion of the court, the decision will be reviewed only for an abuse of discretion. *Atkins v. Household Finance Corporation of Casper*, Wyo., 581 P.2d 193 (1978). The burden is on the movant to bring himself within the scope of the rule. *Martellaro v. Sailors*, Wyo., 515 P.2d 974 (1973).

The essence of appellee's claim under Rule 60(b) was that a mistake had been made in the employer's accident report resulting in an erroneous award of worker's compensation benefits. Worker's compensation benefits were awarded appellee based upon the report and other information supplied by Mini Mart. As noted earlier, appellee was advised that her duties at the grand opening would include popping popcorn, rolling cotton candy, warming pizzas, and greeting customers. Appellee was not told she would have to do any of the usual work of a Mini Mart store clerk. Duties of a store clerk also involve the sale of gasoline.

Employees who work at a gasoline filling station are covered by worker's compensation since such is considered an extrahazardous occupation pursuant to § 27–12–106(a)(ix). But an employee engaged in clerical work is not covered by worker's

compensation under § 27–12–102(a)(viii), which states:

" 'Employee' means any person who has entered into the employment of or works under contract of services or apprenticeship with an employer engaged in an extrahazardous occupation, except a person whose employment is purely casual and not for the purpose of the employer's usual trade or business, *or those engaged in clerical work and not subject to the hazards of the business. * * * "* (Emphasis added.)

The parties agreed that the following Mini Mart personnel policy was in effect at the time of the accident and that appellee was a "non-exempt office employee" thereunder:

"1. Applied to:

"All nonexempt office employees.

"2. Definitions:

"2.1 Nonexempt office employees: All hourly or fluctuating work week office personnel employed at the central office in Casper, the zone office in Rapid City, or any other Mini Mart office location.

"3. General:

"To preclude any problems arising from having office personnel working in our stores, the following policy is set forth.

"4. Policy: All nonexempt office employees are prohibited from performing any store duties in any store location. This includes work performed in a normally compensated job and work performed as favors for store employees."

Appellee never received any training as a store clerk. Furthermore, she was compensated while traveling to the grand opening at the same hourly wage she normally received as an accounts payable clerk. Mini Mart charged the labor expense for appellee's wages to the accounting department and not to the Parker Mini Mart store account. In its decision letter, the trial court stated:

"Based upon the evidence and testimony presented at the July 12th hearing, as well as upon the record before this Court, it is the opinion of the undersigned that, for the following reasons, the employee's motion should be granted. The evidence is clear that, while in the employ of Mini Mart, Inc., Lisa Ann Wordinger has never been a covered employee under the Wyoming Workers' Compensation Act. Further, it is clear that neither Lisa Ann Wordinger nor the supervisory personnel anticipated that her work at the grand opening of the Parker store would in any way change the nature of her employment as a clerk in the home office. The evidence also demonstrated that indeed, it would have been contrary to store policy for Lisa Ann Wordinger to involve herself in any store duties normally performed by a retail store clerk, and that the purpose of Miss Wordinger's trip to the Parker grand opening was to promote 'relations' between the home office and the personnel who worked at the local store. It is consequently the opinion of this Court that Miss Wordinger was employed by Mini Mart as a clerical employee of the home office on the date of the October 27, 1984, accident rather than as a 'store clerk' for the Parker, Colorado, store.

"The argument may be raised that, although Miss Wordinger was a clerical employee on the date of the accident, her anticipated activities would have made her subject to the hazards of the business under § 27–12–102(a)(viii). Mini Mart's qualification as an extrahazardous occupation for store employees relates to its status as a 'filling station' under § 27–12–106(a)(ix). The evidence and testimony presented at the July 12, 1985, hearing indicated that Miss Wordinger's intended activities included popping popcorn, rolling cotton candy, warming pizzas, and greeting customers; no mention was made of any activity relating to the sale of gasoline. Further, the Agreed Statement of Facts indicates that the self-service pumps at the Parker Mini Mart were located approximately 80 to 90 feet from the store, and that no fuel was delivered to the store during the

grand opening. In the opinion of the undersigned, Miss Wordinger's anticipated activities at the Parker store would not have subjected her to the hazards of the business."

We think the trial court was correct in its determination that appellee's anticipated duties at the grand opening did not include those of a store clerk, and therefore she was not subjected to the extrahazardous occupation of gasoline filling station work. Her limited assigned duties of making popcorn, cotton candy, warming pizzas, and greeting customers would not expose her to the hazards of working with gasoline. Therefore, the trial court was correct in determining a mistake was made when worker's compensation benefits were awarded to appellee.

"The board, commission, or court having jurisdiction of the proceeding to secure compensation is usually empowered to review or reopen and modify its awards * * *." 82 Am.Jur.2d Workmen's Compensation § 590, p. 309 (1976).

"A compensation award may be reopened by the commission or board on the ground of fraud or mistake in a determination of fact. Mistake or error is ground for exercise by the board or commission of its power to modify or change its findings, awards, decisions, or orders in the interest of justice, or to reclassify a disability. A board or commission may correct an error in a decision that it lacked jurisdiction of a case, and a case may be reopened on the ground of a misapprehension of the facts as to causation, as to accident or suicide, or as to whether an injury arose out of and in the course of employment, and on the ground of mistake of fact as to the nature of the injuries for which an award had been made, or as to family relationship." 82 Am.Jur.2d Workmen's Compensation § 597, pp. 313–314 (1976).

Nevertheless, Mini Mart claims appellee should be barred from the requested relief under the doctrines of estoppel and laches. In support of this, Mini Mart cites *Herring v. Welltech, Inc.*, Wyo., 660 P.2d 361 (1983),

wherein we held that once an employer files its report acknowledging the accident occurred in the course of employment, the employer is estopped from later taking a contrary position. However, we noted in the case that the employer may seek relief under § 27–12–606 to modify the award. We further noted that relief is available to the employer under Rule 60(b) if there is a mistake as to the issue of scope of employment.

"* * * Once a claim is established as having occurred within the course of employment and not due to the culpable negligence of the employee—(the latter qualification is not here in question), these two factors cannot be challenged in conjunction with other claims arising out of the same incident, *unless relief is granted under Rule 60(b), W.R.C.P., or § 27–12–606, W.S.1977 * * *.*" (Emphasis added.) Id., at 365.

We then allowed the petitioner to reopen his case finding the trial court abused its discretion in denying the relief sought.

On the issue of estoppel one authority has stated:

"As a general thing not only must a party claiming an estoppel have believed and relied upon the words or conduct of the other party, *but also he must have been thereby induced to act, or to refrain from acting, in such a manner and to such an extent as to change his position or status from that which he would otherwise have occupied. * * *"* (Emphasis added.) 28 Am.Jur.2d Estoppel and Waiver § 77, pp. 712–713 (1966)

Further, § 60 of the same authority provides:

"Ordinarily, no estoppel arises from the mere acceptance of benefits by a person in the absence of full knowledge of the facts and his rights. Thus, estoppel does not ordinarily arise from the acceptance of benefits when such acceptance is induced by excusable ignorance or mistake as to the facts involved. * * *" p. 682.

In this case we have already found there was a mistake made in the employer's accident report regarding appellee's status as a

"sales clerk." This classification was inaccurate. Furthermore, the evidence indicates that Mini Mart management was instrumental in helping appellee's mother file the accident report and subsequent claim. Relying upon such report, the worker's compensation division awarded benefits to appellee. There is no indication that Mini Mart detrimentally relied on any position taken by appellee, or was induced to act or misled by appellee's actions. Rather, it appears that Mini Mart induced appellee to file for worker's compensation benefits since they assisted her mother in filing the requisite forms.

We agree with the trial court's conclusion when it stated:

"Consequently, Mini Mart's estoppel argument must fail for two reasons. First, Mini Mart has failed to carry its burden of proving the requisite elements of reliance, change of position, detriment and damage. (See 28 Am.Jur.2d Estoppel and Waiver, § 146). Second, in the opinion of the undersigned, the instant case falls within the limitation explained in 28 Am.Jur.2d § 60 (supra). Likewise, Mini Mart's reliance on the doctrine of laches is misplaced as generally, 'delay alone is not regarded as constituting laches, but only delay which places another at a disadvantage.' (28 Am.Jur.2d Estoppel and Waiver, § 2)."

In the case of *Alco of Wyoming v. Baker*, Wyo., 651 P.2d 266 (1982), two clerical employees were injured in a car accident while driving home from a company picnic. Testimony indicated the two employees had run various errands for the company in the past. The trial court found the employees were covered by worker's compensation. We reversed, finding the employees' activities were not sufficient to consider their occupation extrahazardous:

"* * * If we accept appellees' contention that these activities subjected them to the hazards of the business, then any clerical worker who takes a trip in his car to the post office or who runs an errand using a car would be entitled to coverage under the Worker's Compensation Act, provided the business itself was in some way extrahazardous. These statutes are to be given a liberal construction, but not so liberal a construction that they extend the intended coverage.

"' * * * The courts are not free under the guise of construction to extend the beneficent purpose of the law to injuries that do not reasonably fall within the reach of the language used. * * *' *In re Hardison*, Wyo., 429 P.2d 320, 322 (1967)." Id., at 268.

In sum, we find no abuse of discretion in the court decision granting appellee relief from worker's compensation orders and terminating her benefits. We agree that there was a mistake made classifying appellee as a "sales clerk." There is no abuse of discretion unless a court acts in a manner exceeding the bounds of reason under the circumstances. To decide this, we must determine whether the court could conclude as it did, or whether, under the circumstances, the court committed an error of law. *Martinez v. State*, Wyo., 611 P.2d 831 (1980).

We find no abuse of discretion here.

Affirmed.