## FARRELL v. ALSOP.

SETTLEMENT: RELINQUISHMENT.—If upon a settlement a party relinquishes a just demand in order to obtain the settlement, he cannot afterwards claim the demand; the settlement is a consideration for the relinquishment.

EVIDENCE : OBJECTION.—If a party, against whom an objection as to evidence is made, is willing to waive a specification of the grounds the court is not bound to excuse the omission, and may disregard the objection.

ERROR to the District Court of Albany County.

This case was commenced by Alsop to recover a balance alleged to be due on a promissory note for $575, given by Farrell to Alsop, November 13. 1874. Farrell denied indebtedness on the note and pleaded a set-off of $700, on account. The reply denied liability on some of the items in toto, and claimed payment of the others in a settlement, of which the note sued on was the result. The court allowed two items of set-off and the plaintiff's claim, and rendered judgment for plaintiff

*E. P. Johnson*, for plaintiff in error.

*S. W. Downey*, for defendant in error.

PECK, J. On July 7, 1877, Alsop sued Farrell in the District Court for $419.50 as a balance due on December 17, 1876, upon a note executed by Farrell on and dated November 13, 1874, payable to the order of Alsop at six months from its date, for $575, the note being made at Laramie, in this territory; the petition also claims interest from December 17. The only defense made was by a plea of offset, in which Farrell alleged that Alsop was indebted to him in $700 on the following account, namely:

| | | |
|---|---|---|
| 1874, Aug. 4. To wife's expenses from Nebraska to Laramie city, as witness in the case of Hilton v. Alsop, | $150 | 00 |
| 1874, Aug. 4. To rent from C. D. Matty, from Oct. 11, 1874, to June 1, 1875, at $15 per month, | 121 | 00 |
| To one month's board for Frank Manard, while herding for Mr. Alsop, | 20 | 00 |
| To 10 days' witness fees, Hilton v. Alsop, | 30 | 00 |
| To 14 days' witness fees—wife—Hilton v. Alsop, | 42 | 00 |
| To 4 days' witness fees—Davis—Hilton v. Alsop, | 12 | 00 |
| 1876, Dec. 17. To 100 head sheep, a $3.25, | 325 | 00 |
| | $700 | 00 |

In which plea Farrell further alleged that the $700 became due on December 17, 1876; and asked judgment for that sum, with interest from that date, that the same might be set off against the amount found due to the plaintiff from the defendant upon the note; and that the excess might be adjudged to the latter.

The plaintiff below replied that on the 13th day of November, 1874, the parties accounted together as to all matters of account, then existing between them; including all the amount plead in offset excepting the items of $121 and $325; and that upon the accounting, a balance of $575 was found due to him, for which the defendant executed

the note sued on; that as to the item of $121, the plaintiff denied the allegations of the plea of offset respecting it; and that as to the item of $325, the agreed price for the sheep was $300, and that it was paid by endorsing that amount upon the note on December 17, 1876, and that in his petition he had declared only for the amount of the note less that sum. Though the petition does not in terms show the endorsement, computation shows that the balance for which it claims recovery allows and calls for just that deduction, as made at that date. The case was tried without a jury, and the District Court found as facts, that on the 13th day of November, 1876, the parties had an account· ing, that the note was executed as a result, that all the items specified in the plea of offset existed before the note was given, and were included in the settlement, except those for $30, $12, and $325; that the $30 and $12 existed before the execution of the note, but were not embraced in the settlement; that as to the $325, that item was for 100 sheep, sold and delivered by Farrell to Alsop on December 17, 1876, for $300, not $325, and that the price was endorsed upon the note; whereupon that court found, as a conclusion of law, that there was due to Alsop on February 13, 1876, the date of the findings, $418.82. The defendant below moved for a new trial on the grounds:

1st. That the findings were not supported by sufficient evidence, and were against law.

2nd. That the court erred in admitting testimony against his objection.

The motion was overruled, and judgment rendered in favor of the plaintiff below, on February 19, 1878, for $418.82 damages and costs: and an exception was taken to the order and judgment.

As that court found that the $30 and $12 items existed when the settlement was made, and were therefore correct, and as it also found that they were not embraced in the settlement, and therefore not in the note, it should have allowed them with interest; so that upon all the facts found

by it, the balance allowable to him was the note, less the endorsement and these two items, the interest added, at the date of the findings: computation shows that it intended to, and did allow to him that balance, as then due, in finding for him $418.82 as due at the date of the findings. By complaining of this allowance, the first ground of the motion compels us to revise the evidence on which the allowance was based, and invites the consequence of the revision. Under the issue the burden of proving the original verity of the offset was upon Farrell; with respect to all its items, but that for $325, as he claimed that they existed before the note was given, and admitted that that was given upon a settlement of accounts, the burden rested upon him, irrespective of any inference which the law might draw from the mere execution of the note in the absence of all proof of settlement; hence he was under a double burden. The parties agree that the item for $150 was originally correct, and was an absolute debt, due at its date, August 4, 1874, and therefore, when the note was given, so due, and with interest; Alsop testifies that it was allowed in the settlement, Farrell that it was expressly excepted from it; he explains the exception upon reasons which are at once inconsistent and absurd, and admits that he thus purposely and unnecessarily executed a negotiable note for $157,—the interest on the $150 added—beyond his liability; the execution of the note corroborates Alsop and discredits Farrell; we necessarily conclude in favor of the former as to this item. Had it been our duty to pass upon the items of $121, $20, $30, $42 and $12, in the first instance, we should have hesitated to believe that they accrued; but accepting Farrell's claim that they did, we find that he knew in excepting them from the settlement that he would be unnecessarily giving the note for more than $225, interest added, beyond his liability; he testifies that the items were expressly excepted from the settlement, and for reasons as absurd and inconsistent as before; Alsop that they were included: the execution of the note corroborates

Alsop and discredits Farrell; we necessarily conclude in favor of the former in this particular. If upon a settlement a party relinquishes a just demand in order to obtain the settlement, he cannot afterwards claim the demand: the settlement is a consideration for the relinquishment.

Henry Wagner was produced by the defense to impeach Alsop with respect to declarations as made by him on two occasions, about the offset, but the witness was not present when one of the alleged conversations took place, and had forgotten what was said on the other occasion: so that he did not impeach Alsop.

With regard to the $325 item the state of the pleading on the part of the defendant admits the existence and correctness of the note, and the correctness of the balance for which a recovery is claimed in the petition, with interest from December 17, 1876, and claims the benefit of a deduction on the original principal of $300, as of that date; the parties agree in this evidence, that the sum was then endorsed in payment of the agreed price of the 100 sheep, which are charged at the same date in the offset account at $325: it is thus apparent that the true figure was $300, and as it was correctly endorsed, it should not have been charged in offset.

In arriving at this conclusion we allow to Alsop no benefit from the fact that a copy of the note purports to have been filed under his petition, showing an endorsement of $300 on December 17, 1876, for the transcript does not show that the copy was filed before the issues were closed, and therefore the filing of the copy can be no element of admission against Farrell.

We hold that the whole weight of the evidence was against the allowance of any of the amount, and was in favor of the allowance of the note and interest, less the endorsement; therefore that the findings should have allowed to Alsop, as of February 13, 1878, $477.66, to which sum the judgment below should be modified; unless the second ground of the motion can be sustained.

The defendant below excepted to two rulings of the court, one against his objection to the admission of evidence, the other against his motion to strike out evidence; no ground was specified for either objection, and each ruling was correct. If a party against whom an objection as to evidence is made, is willing to waive a specification of the ground or grounds, the court is not bound to excuse the omission, and may disregard the objection. It is due to the court that the objection should be thus explained, when taken, because the explanation tends to guard the court from the commission of error. This is the common law rule, is well stated and explained in 3 House of Lords' cases at page 16, *Bain* v. *Whitehouse and Furness Junction Railway*, and obtains in the federal practice.

The defendant below having rested, the plaintiff below produced in rebuttal evidence, which was correct for that purpose; the defense objected, because the plaintiff would not introduce his case piecemeal; the objection was overruled, and an exception taken. The objection referred to the fact that the plaintiff first introduced evidence: this was premature and unmethodical, because the opening was with the defendant; the court was not obliged to permit it, and we think that as a matter of discretion it should not have done so; and had the defendant objected, it would have been erroneous to have done so; the defendant did not object and we cannot see that, by irregularly assuming the initiative, the plaintiff waived his right of reply; it seems to us that, by consenting to his so doing, the defendant conferred upon the plaintiff the right of reply, as a necessary incident. We hold that the objection was not sound.

Alsop swore that $300 was the agreed price of the sheep at $3 a head; Farrell that that was to be the price on a condition that was not fulfilled; and in rebuttal, the former produced a witness to prove what the latter stated as to the price on the occasion of delivery of the sheep, to the admission of which evidence objection was made, on the ground that no foundation had been laid for its introduction, mean-

ing apparently that Farrell's attention had not first been called to the statement, which it was proposed to show; the objection was overruled, and an exception taken: what the evidence was to be was not explained; if it had no tendency to impeach Farrell, it could not harm him, if it had it was unnecessary to call his attention to the statement in advance, he being a party: hence the objection was unsound.

Alsop was offered in rebuttal to contradict Farrell as to the $121; the evidence was objected to as being a re-examination, admitted, and an exception taken. It was a re-examination of the witness, not in repetition, but strictly in rebuttal, and taken literally, the objection is useless; but it apparently meant that the examination was piecemeal, he having been examined in the opening upon the item; for the reason stated in answer to a like objection taken to another part of the evidence, this objection was unsound.

This disposes of all the objections, which were made by the defence below, to the introduction of evidence.

The judgment is modified, and is to be re-entered in the district court as a judgment of February 13, 1878, in favor of the defendant in error for $477.66 damages, and the costs as already taxed at $    ; he is also allowed the costs of the appeal, but not the five per cent. applicable to a dilatory appeal.

Ordered accordingly.