**James C. KENNEDY, Appellant**
**(Plaintiff below),**

**v.**

**Corinne KENNEDY, Appellee**
**(Defendant below).**

**No. 3893.**

Supreme Court of Wyoming.

April 2, 1971.

Joseph E. Darrah, Powell, for appellant.

Ernest J. Goppert, of Goppert & Fitzstephens, Cody, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN and GRAY, JJ.

Mr. Justice PARKER delivered the opinion of the court.

The initial question before us is whether or not under the circumstances hereafter

delineated an appeal could be allowed from the entry of an amended judgment. On January 8, 1970, the trial court issued "Amended Findings, Decree, Orders and Judgment, as Per Findings and Order of Supreme Court Filed in the Office of the Clerk Thereof on July 7, 1969 and the Mandate on Reversal or Modification Dated August 18, 1969, Filed Herein August 19, 1969." [1] Plaintiff on February 9, 1970, filed a timely notice of appeal and subsequently ordered transcript and filed his designation. On March 9, 1970, he moved for an order setting aside the January 8 order "by and for the reason that there exists mistake, surprise, excusable neglect, and that justice requires the same," which motion was set for hearing March 11, 1970.[2] Although the record on appeal should have been filed April 10, 1970, plaintiff did not further pursue his appeal. On April 16, 1970, the trial judge entered an order reciting, inter alia:

" * * * it appearing to the Court that said [January 8] order was unfairly entered herein * * * by and for the reason that this Court signed said order in violation of Rule 9 of the Uniform Rules of the District Courts of Wyoming and the Fifth Judicial District[3]; and that said amended findings, decree, orders and judgment shall be resubmitted verbatim to the Court and approved as to form by both counsel * * *,"

and decreeing the January 8, 1970, order void. Simultaneously the court filed an order identical to that of January 8 except that it bore the April date and was approved as to form by counsel for both plaintiff and defendant. Notice of appeal

from that order was filed by plaintiff on May 15, 1970.

Plaintiff in his appeal urges various errors of both the trial court and this court; however, a motion for dismissal was filed by defendant and considered with the arguments on the merits of the cause. As it is our view that the motion must be granted, there is no occasion to enter into aspects of plaintiff's appeal. (From the parties' conduct subsequent to the March 1968 divorce decree, it appears, however, that this litigation will not cease. This is indeed unfortunate, and we shall be slow in awarding attorney fees and will hereafter give particular attention to the penalties under Rule 72(k), W.R.C.P.)

It is defendant's contention here that plaintiff abandoned his appeal and that the April 1970 order, allegedly made for no purpose other than to extend or restore his right of appeal, was ineffective.

This court has not been furnished with a record of the hearing in the trial court on plaintiff's March 9, 1970, motion, but his counsel asserts:

" * * * that the same * * * [would] clearly disclose the reason for the Trial Court's reopening the January 8 decree, namely that counsel for the Appellee [defendant] had ignored the courts [sic] express directions to submit the proposed decree to counsel for Appellant [plaintiff], and that counsel * * * had forwarded the proposed decree to the Trial Judge in Worland, Wyoming without apparently forwarding a copy of the proposed decree to counsel for the Appellant. The counsel for Appellant did not receive notice that the said proposed

1. This court's opinion is Kennedy v. Kennedy, Wyo., 456 P.2d 243.

2. These do not appear in the record on appeal, but certified copies of the order and the notice of setting were submitted to the court by plaintiff.

3. Rule 9 provides: "It will be the responsibility of the successful or prevailing party to prepare promptly all orders, decrees or judgments in accordance with

the pronouncement of the Court, and in contested cases the same will be submitted to opposing counsel for approval as to form, which will be endorsed on the original over counsel's signature before presentation to the Court. In the event respective counsel disagree as to the form, such fact will be promptly reported to the Court for settlement by conference or otherwise as the Court may deem most expedient."

decree was even in existance [sic] until after notice was received from Appellee's counsel that the decree had been entered. Of course an examination of the Statement Of Contentions raised in Appellant's appeal discloses that the purpose of the appeal is to question the unjustified extension and enlargment [sic] of the decree in the decree which was proposed and signed by the Trial Court without being first presented to counsel for Appellant. * * * "

It is the position of plaintiff that the trial court's order reopening the matter and subsequent entry of the April 16, 1970, decree terminated the initial proceedings for the appeal. We do not agree.

Plaintiff does not specifically inform us when he received notice of the entry of the January 8, 1970, judgment. Counsel for defendant asserts that the judge announced his findings to counsel for both parties in open court, requesting counsel for defendant to prepare the form of findings and decree; that counsel did so, mailing plaintiff a copy thereof on or about December 17; that on January 2, 1970, plaintiff's counsel wrote the trial court acknowledging receipt of the proposed order, criticizing the "approach" of defendant, and offering to redraft the proposed decree if the court wished; and that on January 8, 1970, he mailed a copy of the January 8, 1970, order to counsel for plaintiff.[4] Obviously, plaintiff was aware of the entry of the judgment sometime prior to February 9 when he filed his notice of appeal; and in view of his silence on this aspect, we will not assume that he was precluded from filing a motion under Rule 59(e), W.R.C.P., to alter or amend within the mandatory ten days after entry of the judgment. Furthermore, if counsel believed that the January order "extended" the decree of the original trial judge and the supreme court (meaning that the decree went beyond the mandate), it is to be remembered that after the subsequent identical order was filed April 16, 1970, no motion was made to alter or amend that judgment, plaintiff simply filing notice of appeal.

Plaintiff argues that the reopening of the judgment was "in harmony with the theory of Rule sixty (60) of the Wyoming Rules of Civil Procedure since, as this court has stated, the express purpose of this rule is to provide the courts with the means of relieving a party from the oppression of a final judgment or order on a proper showing where such judgments are *unfairly* or mistakenly entered." Beyond this he does not pinpoint his position. If plaintiff had immediate notice of the entry of the January 8, 1970, order and there was no "surprise" it would appear that the violation of the formality of endorsement as to form was a mistake which could have been emended under Rule 60(a), W.R.C.P., but the correction of a clerical error would not have called for a voiding of the January 8, 1970, order. As to Rule 60(b), W.R.C.P., its provisions are not a substitute for appeal. Providential Development Company v. United States Steel Company, 10 Cir., 236 F.2d 277, 281. One of the principal purposes behind the adoption of the Wyoming Rules of Civil Procedure was to put an end to delays in litigation; and Rule 60(b) was not intended as a means of enlarging by indirection the time for appeal except in compelling circumstances where justice requires that course, Perrin v. Aluminum Co. of America, 9 Cir., 197 F.2d 254, 255, or unless relief under the motion has been granted, Sutherland v. Fitzgerald, 10 Cir., 291 F.2d 846, 847. Such being the case, it would seem reasonably to follow that even though a timely appeal had been taken from the judgment previously entered the rule was likewise not intended to enlarge the time for perfecting such an appeal.

While in the instant proceeding the trial court by its order entered on April 16, 1970, on its face purported to grant relief from the decree entered on January 8, 1970, it in effect granted no relief. Consequently, as above stated, there is no merit in

---

4. Defendant has submitted copies of the enumerated correspondence to the court.

plaintiff's contention that such order "wiped out" all that had gone before; and in addition, of course, plaintiff fails to point out any circumstances that would justify this court independently to exercise its powers by permitting the filing of the record on appeal some ninety days subsequent to the time Rule 73(g), W.R.C.P., required.

Appeal dismissed.