Dolores D. McBRIDE, Appellant
(Defendant below),

v.

Wayne A. McBRIDE, Appellee
(Plaintiff below).

No. 5078.

Supreme Court of Wyoming.

Aug. 15, 1979.

Larry N. Long, Salt Lake City, Utah and Robert A. Echard and Erik M. Ward, Ogden, Utah, for appellant.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

THOMAS, Justice.

The sole issue for our concern is whether the district court abused its discretion in refusing to grant a motion for a new trial which was presented pursuant to Rule 60(b), W.R.C.P. We are unable to find from the record any abuse of discretion in this instance, and we affirm the ruling of the district court.

On August 9, 1978, a Decree of Divorce was entered in the District Court of the Third Judicial District in and for Sweetwater County which granted the Appellant an absolute divorce from the Appellee. The Appellant was awarded from the property of the parties an undivided one-half interest in and to the Stanley Hotel in Green River, Wyoming. (The other one-half interest in the Stanley Hotel was owned by a third party.) The Appellee was awarded the business known as Wayne's Sales and Leasing, including any and all interest in a tract of land in Sweetwater County containing 1.897 acres, more or less. Other items of property were awarded to the respective parties, pursuant to the Decree of Divorce,

but those other items have no materiality in this appeal.

On September 5, 1978, the Appellant filed in the district court a Motion for New Trial Pursuant to Rule 60(b), Wyoming Rules of Civil Procedure, which stated that she sought relief on the basis of newly discovered evidence and the misconduct of Appellee in not revealing material information to the court which was known by him. This motion was denied by the district court.

The grounds for the motion are detailed in the Appellant's affidavit. It appears that there had been fire damage to the Stanley Hotel in February of 1978. The Appellant averred that the damage was in the neighborhood of $50,000; that the Appellee had failed to maintain the fire insurance so that there was no coverage for the loss; that Appellee had withheld information from the court about this situation; and that this constituted fraud or misconduct by the Appellee. In addition, the Appellant stated in her affidavit that the Appellee had failed to make mortgage payments on the hotel which had resulted in the imminence of foreclosure proceedings, and that there were federal tax liens against the hotel. The Appellant stated that she was unaware of this information because of a restraining order which Appellee has obtained. The order enjoined the Appellant from removing property from the Stanley Hotel and from annoying, interfering with or harassing employees at the Stanley Hotel.

The Appellant also stated in her affidavit that the two acres of commercial property which had been awarded to the Appellee had more than doubled in value because of a proposed shopping mall. The affidavit asserted that the Appellant was not aware of these facts, but they had all been known to the Appellee. She further stated in her affidavit, in a conclusory form, that the failure of the Appellee to divulge the information constituted fraud or other misconduct.

Rule 60(b), W.R.C.P., provides in pertinent part as follows:

**816**

"(b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; * * *."

 Rule 60(b), W.R.C.P., has been the subject of other decisions in this court. *Atkins v. Household Finance Corporation of Casper, Wyoming*, Wyo., 581 P.2d 193 (1978); *Martellaro v. Sailors*, Wyo., 515 P.2d 974 (1973); *Turnbough v. Campbell County Memorial Hospital*, Wyo., 499 P.2d 595 (1972); and *Kennedy v. Kennedy*, Wyo., 483 P.2d 516 (1971). From these cases the following principles can be gleaned: An order denying relief under Rule 60(b) is appealable, but proceeding under the rule is not to be regarded as a substitute for an appeal. Since the granting of relief pursuant to that rule is a matter of the exercise of discretion by the trial court, on review the appellate court is limited to the question of whether there has occurred an abuse of the trial court's discretion. It was the Appellant's burden before the trial court to bring her cause within the claimed grounds for relief and to substantiate by adequate proof the grounds that she claimed for relief. The rule applies to special situations justifying extraordinary relief, but a showing of such exceptional circumstances should be made. A reversal of an order denying relief under Rule 60(b) will be ordered only if the trial court clearly was wrong.

In 7 Moore's Federal Practice, ¶ 60.19, p. 237 (1979), an apt summary of criteria which the trial court may consider in exercising its discretion is set forth as follows: " * * * the general desirability that a final judgment should not be lightly disturbed; the procedure provided by Rule 60(b) is not a substitute for an appeal; the Rule should be liberally construed for the purpose of doing substantial justice; whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time; if relief is sought from a default judgment or a judgment of dismissal where there has been no consideration of the merits, whether in the particular case the interest of deciding cases on the merits outweighs the interest in orderly procedure and in the finality of judgments, and whether there is merit in the defense or claim, as the case may be; if relief is sought from a judgment rendered after a trial on the merits, whether the movant had a fair opportunity to present his claim or defense; whether there are any intervening equities which make it inequitable to grant relief; and any other factor that is relevant to the justice of the judgment under attack, bearing always in mind that the principle of finality of judgments serves a most useful purpose for society, the courts, and the litigants—in a word, for all concerned."

The record in this case does not include any comments by the district court explaining the exercise of the court's discretion. The only matter demonstrating the Appellant's entitlement to relief is that set forth in her affidavit. The averments of the affidavit are conclusory in significant and material respects, both as to facts and as to law.

 No factual basis appears for the Appellant's conclusory claim that she was inhibited by the restraining order from discovering the information relating to the fire damage, the insurance premium payments, and the mortgage indebtedness payments with respect to the Stanley Hotel. Indeed, an examination of the order entered by the trial judge results in a conviction that the order could not reasonably be construed as having been that broad. It follows that the information was available to the Appellant, and her failure to bring it to the attention of the trial court would not justify disturbing the final judgment on a ground of newly discovered evidence.

■ As to the failure of the Appellee to volunteer information affecting the value of the two-acre plot of ground, what is said above with respect to discovery would also pertain to this property. Furthermore, Appellant's affidavit indicates that the impact of the development plans for the property was a matter of speculation and conjecture. Certainly under these circumstances that was not newly discovered evidence within the context of Rule 60(b), W.R.C.P.

■ Finally we comment upon the claim of fraud and misconduct by the Appellee. The Appellant asserts that the Appellee's failure to divulge the information voluntarily constitutes fraud. While this court has not previously considered this ground for relief under Rule 60(b), W.R.C.P., the concept under the identical language of Rule 60(b) of the Federal Rules of Civil Procedure is that fraud must clearly be established by adequate proof. E. g., *Wilkin v. Sunbeam Corporation,* 466 F.2d 714 (10th Cir. 1972). The averments in Appellant's affidavit do not meet that standard.

Finding no basis upon which the trial court properly could have exercised its discretion to grant the relief sought by Appellant, we obviously must hold that there was no abuse of discretion in refusing that relief.

Affirmed.