In the Matter of the INJURY TO: Robert R. SEEVERS, Deceased; Darold E. Gamble, and Clifford R. Haux.

APOLLO DRILLING,
Appellant (Employer),

v.

Debra J. SEEVERS, Personal Representative of the Estate of Robert R. Seevers, Deceased, Appellee (Claimant),

Darold E. Gamble and Clifford R. Haux, Appellees (Injured Workers).

No. 86–15.

Supreme Court of Wyoming.

June 18, 1986.

Mark W. Gifford and Catherine W. Hansen, of Brown, Drew, Apostolos, Massey & Sullivan, Casper, for appellant.

David F. Palmerlee, of Omohundro & Palmerlee, Buffalo, for appellee Seevers.

Stephen K. Gregersen, Sheridan, for appellee Gamble.

Leonard Lang, Casper, for appellee Haux.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

This is an appeal from the trial court's denial of a motion under Rule 60(b), W.R.C.P., to set aside orders dismissing employees' claims for worker's compensation benefits. It is unique in that the employer, Apollo Drilling (Apollo), is the party which sought to have the orders dismissing the claims set aside. We find that Apollo has failed to carry its burden of showing that the trial court abused its discretion in denying the motion.

We affirm.

In August 1985, Gerald Barlow, a driller for Apollo, was driving his four-man crew to a well in Johnson County, Wyoming. On the way to the well, Barlow swerved to miss a deer and rolled his vehicle. Robert Seevers, one of the passengers, died as a result of the accident. Barlow, Robert Lentz, and appellees Darold Gamble and Clifford Haux were injured.

All of the vehicle's occupants filed claims under the Wyoming Worker's Compensation Act, § 27–12–101 et seq., W.S.1977 (June 1983 Replacement). George Ratcliff, operations manager for Apollo, filed employer's reports of the accident. In the space provided for disputing the claim, Ratcliff stated that Apollo was not responsible for the accident since the employees were not on the work site. He also stated that each employee's wages began when he relieved the preceding crew member and that he was not being paid to travel to work. On the employer's report for Barlow's claim, Ratcliff added that the "[d]riller receives 20 cents per mile."

After the employer's reports were received, the clerk of the district court sent each appellee a notice to employee and request for written answer, in which the employees were informed that they were required to file written answers to the employer's reports and that failure to do so would result in the dismissal of their claims and denial of worker's compensation benefits. Appellees Gamble and Seevers responded by filing letters with the clerk stating that the injuries and death did not occur in the course of employment and that worker's compensation did not cover the accident. Both requested that their claims be denied. Appellee Haux did not answer. The district court then entered orders dismissing the appellees' claims. Apollo did not appeal from these orders.

Apollo entered an appearance approximately 30 days after the entry of the order dismissing Seevers' claim and approximately ten days after the entry of the orders dismissing Gamble's and Haux's claims. At that time, Apollo moved to set aside the orders of dismissal under Rule 60(b) and filed a document attempting to withdraw its objection to the claims.

A hearing on Apollo's motion to set aside the orders in all three cases was held in November 1985, and the district court denied the motion. Apollo timely filed a notice of appeal from the denial of the motion.[1] In its appeal, Apollo raises the following issue:

"Did The District Court Abuse Its Discretion In Refusing To Set Aside The Orders Dismissing Appellees' Worker's Compensation Claims?"

Appellees set forth numerous issues in response. We need only consider whether Apollo was entitled to relief under Rule 60(b). Our determination of that question makes it unnecessary to decide whether appellees were or were not covered under the Wyoming Worker's Compensation Act.

Apollo contends that the district court abused its discretion in refusing to set aside the orders dismissing appellees' claims. It makes this claim without stating specifically the grounds under Rule 60(b) upon which it relies. We believe it is important to first recognize the grounds for relief provided in Rule 60(b), which states in part:

"On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. * * *"

In its motion to set aside the orders, Apollo stated that it paid Barlow mileage, and thus the claims were compensable under worker's compensation. Apollo also stated that the orders of dismissal were entered without giving it notice or opportunity for hearing and that justice required that the orders of dismissal be set aside. Finally, in its withdrawal of objection to the claims, Apollo stated that at the time it objected it was unfamiliar with Wyoming case law, which it now believes holds that these employees are entitled to worker's compensation benefits. See *Jensen v. Manning and Brown, Inc.*, 63 Wyo. 88, 178 P.2d 897 (1947). Apollo also claims that the employer's reports were filed without the benefit of counsel.

"Equitable principles may be taken into account by a court in the exercise of its discretion under Rule 60(b)." 11 Wright & Miller, Federal Practice and Procedure: Civil § 2857 at 158 (1973). This Court has consistently held that a movant holds no absolute right to have a judgment vacated under Rule 60(b) but must show an exceptional circumstance specified in the rule. *Sanford v. Arjay Oil Company*, Wyo., 686 P.2d 566 (1984). Review of a court's decision on a Rule 60(b) motion is confined to a determination of whether the court abused its discretion, and it is the movant's burden to bring his cause within the claimed grounds of relief and to substantiate these claims with adequate proof. We will reverse an order denying relief under Rule 60(b) only if the trial court clearly was wrong. *McBride v. McBride*, Wyo., 598 P.2d 814 (1979).

Appellant recognizes these principles but maintains that an error of law committed

---

1. The fact that both parties denied there was coverage under the Wyoming Worker's Compensation Act does not eliminate a justiciable issue. In *Mini Mart, Inc. v. Wordinger*, Wyo., 719 P.2d 206 (1986), we allowed an employee who originally claimed and received benefits to seek relief from the award. So, too, may an employer initially deny coverage and later assent to it. Once Apollo filed its motion under Rule 60(b) and contended that the orders dismissing appellees' claims should be set aside, a justiciable issue existed. The question of Apollo's right to have the orders set aside had to be determined.

by the court amounts to an abuse of discretion, *Martinez v. State*, Wyo., 611 P.2d 831 (1980), and that an error of law occurred in this case. In order to determine whether there was an abuse of discretion in denying Apollo's Rule 60(b) motion, we must examine the grounds supporting the motion and determine whether Apollo has shown an exceptional circumstance specified in the rule.

## PROCEDURAL FLAWS

After appellees Seevers and Gamble filed their letters with the district court, in which they agreed with Apollo's contention that there was no coverage, the district court dismissed their claims without a hearing. Apollo insists that this was in violation of § 27–12–602, W.S.1977 (June 1983 Replacement). According to Apollo, this procedural flaw was a ground for granting its Rule 60(b) motion. It cites *R.L. Manning Company v. Millsap*, Wyo., 687 P.2d 252 (1984), for the proposition that when such a procedural flaw occurs, a court abuses its discretion in denying a Rule 60(b) motion to set aside a judgment.

*R.L. Manning Company v. Millsap* does not support Apollo's position. There the worker's compensation claim was transferred from one district court to another in the total absence of any provision permitting the transfer. Therefore, the district court which entered an order granting compensation had no jurisdiction to do so, and the order should have been set aside under Rule 60(b). That case concerned a judgment void for lack of jurisdiction, in which case the district court must set aside the judgment. *2–H Ranch Company, Inc. v. Simmons*, Wyo., 658 P.2d 68 (1983). Here there is no claim of lack of jurisdiction but only an asserted procedural irregularity. Even failure to give the required notice, generally regarded as a serious procedural irregularity which may provide the basis for relief under an appropriate clause of Rule 60(b), should not usually be treated as serious enough to render the judgment void. 7 Moore's Federal Practice ¶ 60.25[2] at 60–238 (1985).

In any event, we do not find a procedural error in this case. Section 27–12–602(a) provides in part that "[i]f there is a dispute as to the right of the employee * * * to receive compensation, * * * the judge shall set the case for hearing at the earliest possible date." Subsection (b) of § 27–12–602 provides in pertinent part that "[a]ll written reports, claims and other writings filed with the clerk of court by the parties shall be considered as pleadings in a claim." Section 27–12–607, W.S.1977 (June 1983 Replacement), states in part: "Except as otherwise provided, the Wyoming Rules of Civil Procedure shall govern in matters before the courts of this state in reference to this act."

In worker's compensation cases, the claims and reports take the place of pleadings and as such should be liberally construed. *Black Watch Farms v. Baldwin*, Wyo., 474 P.2d 297 (1970). When appellees filed their claims and Apollo filed the employer's reports contesting the claims, there were "dispute[s] as to the right[s] of the employee[s] * * * to receive compensation." After the disputes arose, appellees Seevers and Gamble filed their letters. These letters amounted to requests for voluntary dismissals of their claims, by order of the court, as provided in Rule 41(a)(2), W.R.C.P. At the time the court entered the orders of dismissal, there were no disputes as to the employees' rights to benefits, since all parties agreed there was no coverage. Therefore, § 27–12–602 did not require a hearing, and there can be no abuse of discretion in denying Apollo's Rule 60(b) motion insofar as it was based on the lack of a hearing.

Because there was no dispute as to the employees' rights to compensation, Apollo's reliance on *Herring v. Welltech, Inc.*, Wyo., 660 P.2d 361 (1983), is misplaced. In that case, it was clear that the employee claimed benefits and the employer disputed part of the claims. Under those circumstances, the failure to set the case for hearing, as well as other clearly erroneous procedures, was held as sufficient ground to

set aside the order closing the case under Rule 60(b).

## MISTAKE OF LAW

■ Apollo also asserted in its Rule 60(b) motion that the driller was paid mileage and that this fact made the claims compensable. This is not a valid basis for relief under Rule 60(b)(2) since "newly discovered evidence" must be evidence which "by due diligence could not have been discovered in time to move for a new trial." Evidence in a party's possession before a judgment is rendered is not newly discovered evidence entitling one to relief under Rule 60(b)(2). 11 Wright & Miller, Federal Practice and Procedure: Civil § 2859 (1973). Here it is clear that Apollo knew of this evidence when it submitted the employer's reports of the accident.

■ We do not believe that Apollo's contention that this evidence compelled a finding that the employees were covered dictates that the court should have granted the Rule 60(b) motion. Relying on *Jensen v. Manning and Brown, Inc.*, Apollo claims the law is clear that if an employer pays the driller mileage for providing transportation, any injuries received by any employee passengers traveling in the vehicle are compensable under the Wyoming Worker's Compensation Act.[2] We need not decide whether this statement is accurate since it does not determine whether the court should have granted the Rule 60(b) motion. The assertion is that an error of law was committed by the trial court in dismissing the claim. Yet Apollo failed to appeal from the orders. We have previously noted that an application under Rule 60(b) is not a substitute for appeal. *Kennedy v. Kennedy*, Wyo., 483 P.2d 516 (1971). The rule is not intended as a means for enlarging the time for appeal except under compelling circumstances where justice requires that course.

■ In asserting that justice requires relief in this case, Apollo notes that it filed the employer's reports without benefit of counsel. In *Booth v. Magee Carpet Company*, Wyo., 548 P.2d 1252 (1976), the defendant sought to have a default judgment set aside under Rule 60(b), because he failed to employ an attorney until 53 days after he had been served with the complaint. Under those circumstances, we held that although there was clearly neglect, this was not "excusable neglect" which justified relief under Rule 60(b)(1). Likewise, Apollo's failure to consult an attorney for nearly two months is not such excusable neglect as would justify relief in this case.

Connected with Apollo's failure to retain counsel is its claim that it was ignorant of case law which it believes holds that the employees here are entitled to benefits under the Wyoming Worker's Compensation Act. Such a mistake, however, is not sufficient in itself to justify relief under Rule 60(b). The moving party must make some showing of why he was justified in failing to avoid mistake or inadvertence. "Ignorance of the rules is not enough, nor is ignorance of the law." 11 Wright & Miller, Federal Practice and Procedure: Civil § 2858 at 170 (1973); see *United States v. O'Neil*, 709 F.2d 361 (5th Cir.1983). Apollo's deliberate choice to not retain counsel until nearly two months after the accident occurred is not sufficient justification for its mistake, entitling it to relief under Rule 60(b)(1) or Rule 60(b)(6).

Apollo failed to bring its cause within any of the claimed grounds of relief stated in Rule 60(b). We find no abuse of discretion and affirm the trial court's order denying Apollo relief under Rule 60(b).

---

**2.** In support of its claim that the trial court erred in applying the law to the facts in this case, Apollo includes statements made by the trial court in a subsequent civil action between it and appellees Seevers and Gamble. These statements were included in Apollo's motion to supplement the record, which was denied by this Court, but are not found anywhere in the record before this Court. Having denied the parties' motions to supplement the record, we will not consider matters upon which the record is silent. *Mountain Fuel Supply Company v. Emerson*, Wyo., 578 P.2d 1351 (1978).