**424**

In the Matter of the Protest Upon the Worker's Compensation Claim of Gary L. CARSON, Appellant (Claimant/Employee),

v.

WYOMING STATE PENITENTIARY, Appellee (Employer),

The State of Wyoming, ex rel. Wyoming Worker's Compensation Division, Appellee (Objector).

No. 86–76.

Supreme Court of Wyoming.

April 7, 1987.

Michael R. O'Donnell, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Josephine T. Porter, and Patrick J. Crank, Asst. Attys. Gen., for appellees.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

Can the trial court, in awarding Worker's Compensation benefits for an inmate injured at a confinement institution, offset benefits paid against maintenance costs at the institution?

This issue is here following the trial court's denial of a Rule 60(b), W.R.C.P. motion, which we now reverse.[1]

## FACTS

Claimant Gary Carson, while incarcerated at the Wyoming State Penitentiary, claimed that a back injury occurred in December, 1984, while shoveling snow at the institution. A Worker's Compensation claim followed, answered by a penitentiary protest that Carson's injury resulted from falling out of bed.

On November 7, 1985, following an October trial, the district court found in favor of Carson and awarded benefits from the date of the award. Any question regarding the effective date of the award is a matter of trial fact and his work record, neither of which is available for review

1. Our decision will have limited precedential effect in Wyoming on the substantive issue. In 1986, the special session of the legislature adopted a provision effective July 1, 1987:

"Any individual serving time in any penal or correctional institution who is an employee under this act is not eligible for benefits for injuries suffered during the period of incarceration under this section. Upon release, any remaining benefits for which the individual would otherwise qualify for under this section shall be paid from and after the date of release." Section 27–14–404(f), W.S.1977.

Gary Carson has been released from confinement, but the benefits were also terminated by court order shortly after his release.

here, first because both are more properly a matter of initial decision, and, second, because no evidentiary record is available from which a disagreement with the trial court's decision could be documented for this court to review. *Nuspl v. Nuspl,* Wyo., 717 P.2d 341 (1986); *Feaster v. Feaster,* Wyo., 721 P.2d 1095 (1986).

Carson contends that he did not know about the limitation on his award until after the appeal time had expired, at which time he initiated a pro-se motion from the penitentiary to vacate pursuant to Rule 60(b), W.R.C.P. The motion was denied February 6, 1986, and this appeal ensued, with counsel now appointed to represent him on appeal.

We will first address the substantive issue of offset, and then analyze whether Rule 60(b) was available to the claimant absent an appeal from the initial decision.

## OFFSET DURING CONFINEMENT

■ The State argues thoughtfully, but without authority, that where the claimant is an inmate, the purpose of the benefits, to support the claimant during a "healing period," is absent, and that consequently the trial court has discretion to offset. Our review of the statute leads us to a contrary conclusion that, if eligibility is established, the trial court has no discretion to deny payments or offset maintenance costs against payments.

In *Matter of Injury to Spera,* Wyo., 713 P.2d 1155, 1157–1158 (1986) this court stated:

"* * * Incarceration has no effect upon benefits which are in the nature of insurance which has become payable as a covered loss. * * *

*       *       *       *       *       *

"* * * The worker's disability payments cannot be characterized as mere governmental largesse that can be eliminated when the worker's needs are fulfilled from another governmental source. Rather, the worker's statutory right to disability payments is akin to a contract right. * * *

"* * * Because there is no statutory exception which eliminates benefits when a worker is jailed, the benefits are due the worker even if his needs are fulfilled from another governmental source. The state legislature can change our statute to suspend payments during periods of incarceration, much like a private insurer might place conditions on his coverage. But in the absence of legislation, we decline the State's invitation to make that policy shift ourselves."

The State's effort to distinguish our holding in *Spera,* by arguing that this case involves an offset rather than a denial of benefits, is unpersuasive. Worker's Compensation benefits are personal in nature, and payment of those benefits shall only be made to the person designated by the statute. 2 Larson, Worker's Compensation § 58.46 (1986). We find no statutory provision which would accommodate the trial court's decision, and consequently, we hold that payment of the benefits to this employer, Wyoming State Penitentiary, as with any other employer, for work-incurred injuries was improper.

The legislature, in its 1986 special session, accurately perceived the problem of the incarcerated claimant, and enacted the statutory provision contained in fn. 1. We will not provide, by judicial legislation, a retroactive effect to that later enactment, particularly so because that law does not become effective until July 1, 1987.

## AVAILABILITY OF RELIEF UNDER RULE 60(b)

This court has held that relief under this rule is addressed to the sound discretion of the trial court, *McBride v. McBride,* Wyo., 598 P.2d 814 (1979); *Martellaro v. Sailors,* Wyo., 515 P.2d 974 (1973); *Atkins v. Household Finance Corp. of Casper,* Wyo., 581 P.2d 193 (1978), and the provisions are not a substitute for appeal. *Paul v. Paul,* Wyo., 631 P.2d 1060 (1981); *Kennedy v. Kennedy,* Wyo., 483 P.2d 516 (1971). This court discussed Rule 60(b) discretion in *McBride v. McBride, supra,* 598 P.2d at 816, quoting from Moore:

"In 7 Moore's Federal Practice, ¶ 60.19, p. 237 (1979), an apt summary of criteria

which the trial court may consider in exercising its discretion is set forth as follows:

"'* * * the general desirability that a final judgment should not be lightly disturbed; the procedure provided by Rule 60(b) is not a substitute for an appeal; the Rule should be liberally construed for the purpose of doing substantial justice; whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time; if relief is sought from a default judgment or a judgment of dismissal where there has been no consideration of the merits, whether in the particular case the interest of deciding cases on the merits outweighs the interest in orderly procedure and in the finality of judgments, and whether there is merit in the defense or claim, as the case may be; if relief is sought from a judgment rendered after a trial on the merits, whether the movant had a fair opportunity to present his claim or defense; whether there are any intervening equities which make it inequitable to grant relief; and any other factor that is relevant to the justice of the judgment under attack, bearing always in mind that the principle of finality of judgments serves a most useful purpose for society, the courts, and the litigants—in a word, for all concerned.'"

We have since restated our conception of discretion in a fair and clear definition by Justice Brown in *Martin v. State*, Wyo., 720 P.2d 894, 897 (1986):

"Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously."

█ This court must decide whether the trial court, in its exercise of Rule 60(b) discretion which resulted in the denial of benefits to Mr. Carson, misconstrued the basic structure of Worker's Compensation benefits established by statute and founded on Art. 10, § 4 of the Wyoming Constitution (amended by vote of the people of Wyoming in the 1986 election):

"No law shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person. Any contract or agreement with any employee waiving any right to recover damages for causing the death or injury of any employee shall be void. As to all extrahazardous employments the legislature shall provide by law for the accumulation and maintenance of a fund or funds out of which shall be paid compensation as may be fixed by law according to proper classifications to each person injured in such employment or to the dependent families of such as die as the result of such injuries, except in case of injuries due solely to the culpable negligence of the injured employee. The fund or funds shall be accumulated, paid into the state treasury and maintained in such manner as may be provided by law. The right of each employee to compensation from the fund shall be in lieu of and shall take the place of any and all rights of action against any employer contributing as required by law to the fund in favor of any person or persons by reason of the injuries or death. * * *"

We conclude, under the required liberal construction of the Worker's Compensation Act, *Matter of Injury to Millsap*, Wyo., 732 P.2d 1065 (1987), that the statutory and constitutional promise of Workers Compensation cannot be withdrawn by an incorrect exercise of discretion under Rule 60, W.R. C.P. so that granted benefits are not paid to the injured worker.

Reversed and remanded for further proceedings in conformity herewith.

BROWN, C.J., filed a dissenting opinion.

BROWN, Chief Justice, dissenting.

I do not disagree with the majority's well-reasoned opinion regarding the substantive issue of offset. I am certain that the legislature never intended that a denizen of the prison collect worker's compensa-

tion benefits.[1] My disagreement with the majority is that this court need not address the issue of offset whatsoever.

We have consistently held that an application under Rule 60(b), Wyoming Rules of Civil Procedure, is not a substitute for an appeal. See, *Matter of Injury to Seevers*, Wyo., 720 P.2d 899, 903 (1986); *McBride v. McBride*, Wyo., 598 P.2d 814 (1979); *Martellaro v. Sailors*, Wyo., 515 P.2d 974 (1973); and *Kennedy v. Kennedy*, Wyo., 483 P.2d 516 (1971). Further, it is well recognized that the proponent of a Rule 60(b) motion has the burden of establishing that his claim falls within one of the six specific instances enumerated by Rule 60(b)[2] and that the trial court abused its discretion in denial of Rule 60(b) relief. See, *Matter of Injury to Seevers*, supra; *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.*, Wyo., 664 P.2d 121 (1983); *McBride v. McBride*, supra; *Martellaro v. Sailors*, supra; and *Turnbough v. Campbell County Memorial Hospital*, Wyo., 499 P.2d 595 (1972). Yet, the majority, in this case, allows Rule 60(b), W.R.C.P., to be stretched and expanded past those guidelines and become a substitute for an appeal.

In *Silk v. Sandoval*, 435 F.2d 1266, 1267–1268 (1st Cir.1971), cert. denied, 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971), reh. denied, 404 U.S. 876, 92 S.Ct. 29, 30 L.Ed.2d 123 (1971), Judge Aldrich addressed the issue of whether Rule 60(b) was the proper method for review of an error of law committed by the trial court. The court said:

> "We neither understand the basis for this interpretation, nor sympathize with

it. If the court merely wrongfully decides a point of law, that is not 'inadvertence, surprise, or excusable neglect.' Moreover, these words, in the context of the rule, seem addressed to some special situations justifying extraordinary relief. Plaintiff's motion is based on the broad ground that the court made an erroneous ruling, not that the mistake was attributable to special circumstances. We would not apply the same equitable conception to 'mistake' as seems implicit in the three accompanying grounds, under the principle of *noscitur a sociis.*"

Further, in *Matter of Injury to Seevers*, supra, where appellant did not appeal the trial court's order dismissing the employee worker's compensation claims but instead filed a Rule 60(b) motion, alleging error of law in the trial court's ruling, as is the case here, we affirmed the trial court in its denial of relief under Rule 60(b). There we said:

> "This Court has consistently held that a movant holds no absolute right to have judgment vacated under Rule 60(b) but must show an exceptional circumstance specified in the rule. *Sanford v. Arjay Oil Company*, Wyo., 686 P.2d 566 (1984). Review of a court's decision on a Rule 60(b) motion is confined to a determination of whether the court abused its discretion, and it is the movant's burden to bring his cause within the claimed grounds of relief and to substantiate these claims with adequate proof. We will reverse an order denying relief under Rule 60(b) only if the trial court clearly was wrong. *McBride v. McBride*, Wyo., 598 P.2d 814 (1979)."

---

**1.** See, the dissent of Justice Thomas, *In Matter of Injury to Spera*, Wyo., 713 P.2d 1155, 1158 (1986); and footnote 1 in the majority opinion wherein it is noted that the legislature in reaction to *Spera*, supra, hastened to correct the absurd result of allowing a prisoner to enjoy the benefits of worker's compensation and the hospitality of prison simultaneously.

**2.** Rule 60(b), W.R.C.P., provides in part:
"Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.—On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons; (1) mis-

take, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. * * *"

In this case, appellant failed to file notice of appeal with respect to the district court's November 7, 1985, order and instead filed a "Motion to Vacate" on December 19, 1985, challenging the November 7, 1985, order. He evokes Rule 60(b) as his vehicle for appeal. Moreover, appellant has not shown some "special situation justifying extraordinary relief" or that "the trial court was clearly wrong." The only basis alleged in support of the Rule 60(b) motion by appellant is that the court's order was void and that an incorrect date was specifed by the court in awarding benefits. Appellant made no effort to show that the court's order was void or cite any authority or cogent argument in support of his contention that the order is void.[3] Therefore, appellant totally failed to show that he is entitled to relief under Rule 60(b) or that the trial judge abused its discretion in denying such relief.

This court has never held, at least until now, that a Rule 60(b) motion was the proper vehicle for bringing an alleged error of law before the court. Finding that none of the factual allegations made by the appellant would justify relief under Rule 60(b) and that appellant has attempted to substitute a Rule 60(b) motion for an appeal, I would, therefore, affirm the trial court in its denial of Rule 60(b) relief.

---

**3.** An incorrect order is not necessarily a void    order.