BURKE, Chief Justice.
*500 [¶1] Cowboy's LLC entered into a settlement agreement with Heather Hope Schumacher, but failed to pay her the money as agreed. Ms. Schumacher filed a motion to enforce the settlement agreement, and the district court granted her motion. Cowboy's challenges the district court's decision in this appeal. We affirm.
ISSUES
[¶2] Although Cowboy's stated the issue variously in its different briefs, the single issue raised by this appeal is whether the district court erred when it granted Ms. Schumacher's motion to enforce the settlement agreement and ordered Cowboy's to comply with it.
FACTS
[¶3] On March 15, 2013, Ms. Schumacher filed a pro se complaint against Cowboy's.[1] In it, she claimed that she had been granted a divorce in 2009, and that the divorce decree awarded her certain property, but that her ex-husband failed to convey the property to her. Ms. Schumacher further alleged that she had filed lien statements against this disputed property. Though it is not apparent from the complaint, other parts of the record indicate that the liened property was then owned by Cowboy's.
[¶4] Cowboy's did not answer or otherwise respond to the complaint, and default was entered against it. The district court later set aside that default, and ordered Ms. Schumacher to file an amended complaint, allowing Cowboy's twenty days to file an answer to that complaint. No amended complaint was ever filed, however. Instead, the next significant pleading is a "Motion to Enforce Settlement Agreement" filed by Ms. Schumacher. In it, she asserted that the parties had reached a settlement agreement requiring Cowboy's to pay her $98,742 in return for her release of all liens against Cowboy's property. She further asserted that Cowboy's had failed to pay her as agreed, and sought an order requiring Cowboy's to comply with the settlement agreement within a reasonable time.
[¶5] The district court held a hearing on the motion, but instead of requiring Cowboy's to comply with the settlement agreement, the district court ordered the parties to "attempt to settle this matter without the necessity of further litigation by seeking private sale and/or performing on the Settlement Agreement ." Attempts to settle apparently failed, and Ms. Schumacher filed a second motion to enforce the settlement agreement. She again asserted that Cowboy's had not complied with the agreement, and asked the district court for an order requiring Cowboy's to comply or, "in the alternative," an "order requiring that the subject property be sold at public auction to the highest bidder."
[¶6] The district court held a hearing on Ms. Schumacher's second motion to enforce the settlement agreement, but Cowboy's did not appear or otherwise respond to the motion. The district court found that Ms. Schumacher was "entitled to the benefit of the *501 settlement agreement she entered into in this matter," and ordered Cowboy's to perform as agreed by paying Ms. Schumacher $98,742 within fifteen days of entry of its order. The district court further ordered that "in the event [Cowboy's] does not fully perform [its] obligations under the settlement agreement the subject property shall be sold by the Johnson County Sheriff to the highest bidder." Cowboy's appealed from that order.
[¶7] Subsequently, Cowboy's filed a motion pursuant to W.R.C.P. 60(b) asking the district court to vacate its order enforcing the settlement agreement. In support of this motion, Cowboy's asserted for the first time that the district court had erred in enforcing the settlement agreement because Ms. Schumacher's liens against Cowboy's property were invalid or void. Later, Cowboy's filed a notice of appeal asserting that its motion to vacate the order was "deemed denied" pursuant to W.R.C.P. 6(c)(4) because the district court had not ruled on the motion for more than ninety days.
[¶8] Despite the second notice of appeal, the district court set a hearing on Cowboy's motion, concluding that Cowboy's assertion that the motion "should be deemed denied is misplaced" because the district court proceedings had been suspended upon Cowboy's filing of its first notice of appeal. Following a hearing, the district court denied Cowboy's motion for relief from the order enforcing the settlement agreement, ruling that "the parties entered into a valid contract, the terms of which were carefully negotiated by the parties-both of whom were represented by competent counsel." Cowboy's filed a third notice of appeal challenging this ruling.
[¶9] We consolidated the three appeals. As Cowboy's aptly observed in one of its briefs, "the central issue to all three" is the propriety of the district court's order enforcing the settlement agreement.
STANDARD OF REVIEW
[¶10] "A settlement agreement is a contract and, therefore, subject to the same legal principles that apply to any contract." Maycock v. Maycock (In re Estate of Maycock) , 2001 WY 103, ¶ 10, 33 P.3d 1114, 1117 (Wyo. 2001). Whether a contract has been formed is a question of fact, and on appeal, a district court's findings of fact are set aside only if clearly erroneous. Id ., ¶ 11, 33 P.3d at 1117. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. Id . We review conclusions of law de novo . Id ., ¶ 12, 33 P.3d at 1117.
DISCUSSION
[¶11] Cowboy's asserts that the district court should not have entered an order enforcing the settlement agreement because the liens Ms. Schumacher filed against Cowboy's property were invalid or void. It asserts that the liens were filed for the purpose of enforcing a divorce decree. While Wyoming statutes allow liens for various purposes, there is no provision for liens to enforce a divorce decree. Accordingly, Cowboy's claims that Ms. Schumacher's liens are invalid.
[¶12] Cowboy's also asserts that, even if the liens had been valid when filed, the time for filing a foreclosure action had passed, rendering the liens unenforceable. Each type of statutory lien, Cowboy's contends, has a specified period in which an action to enforce a lien must be commenced, and after that period passes, the lien can no longer be enforced. An action to foreclose on a materialmen's lien, for example, must be commenced within 180 days after the lien is filed, and "[n]o lien shall continue to exist ... for more than one hundred eighty (180) days after the lien is filed unless an action to foreclose the lien is instituted." Wyo. Stat. Ann. § 29-2-109 (LexisNexis 2011). The longest period provided for the enforcement of a lien is 240 days for agricultural producers' liens. Wyo. Stat. Ann. § 29-8-105(b). Ms. Schumacher filed her complaint against Cowboy's 277 days after she filed the corrected lien, and Cowboy's contends that her liens had been rendered unenforceable by the time she commenced the action.
[¶13] Cowboy's contends that, because the liens were invalid from the beginning or rendered unenforceable by the *502 passage of time, the district court erred in enforcing the settlement agreement. This contention is directly contrary to long-established Wyoming precedent. In 1879, our Territorial Supreme Court held: "If upon a settlement a party relinquishes a just demand in order to obtain the settlement, he cannot afterwards claim the demand: the settlement is a consideration for the relinquishment." Farrell v. Alsop , 2 Wyo. 135, 139 (1879). Cowboy's, upon settlement with Ms. Schumacher, relinquished its "demand" that her liens were invalid, and it can no longer maintain that claim. This principle has endured through the years. Foster v. Wicklund , 778 P.2d 118, 121 (Wyo. 1989) ; Peters Grazing Ass'n v. Legerski , 544 P.2d 449, 456 (Wyo. 1975) ; Parsley v. Wyoming Auto. Co. , 395 P.2d 291, 295 (Wyo. 1964). We said in Kinnison v. Kinnison , 627 P.2d 594, 596 (Wyo. 1981) :
A contract made in settlement of claims is valid even if the claims settled are of doubtful worth. This means that this court will not look behind a settlement agreement to see who would have prevailed in a dispute out of which the settlement agreement arises. If the settlement agreement itself meets contractual requirements, it will be enforced.
(internal citations omitted). And we explained in Dobson v. Portrait Homes, Inc. , 2005 WY 95, ¶ 10, 117 P.3d 1200, 1204-05 (Wyo. 2005) :
The validity of a compromise is not impaired by the fact that the compromise resolved issues differently than a court might have; if the validity of a compromise depended upon which party actually was right, the very object of a compromise which the law favors-avoiding the necessity of having a court resolve uncertainties-would be defeated. Thus, a claim need not be valid or well founded to support a compromise. Accordingly, compromises often are upheld without regard to the validity of the claims or rights which were compromised.
(Quoting 15A Am. Jur. 2d Compromise and Settlement § 27 at 745-46 (footnotes omitted) ). We adhere to this precedent. Cowboy's relinquished any claim about the validity of Ms. Schumacher's liens when it entered into the settlement agreement.
[¶14] When the district court held the hearing on Ms. Schumacher's second motion to enforce the settlement agreement, the question before it was not the validity of the liens. The question before it was whether to enforce the settlement agreement. The record in this case does not include a transcript of this hearing, and the parties did not settle the record pursuant to W.R.A.P. 3.03 by submitting a statement of the evidence to the district court. "Absent a transcript or a statement of the evidence, we must presume the district court had a reasonable evidentiary basis for its decision." Montoya v. Montoya , 2005 WY 161, ¶ 8, 125 P.3d 265, 269 (Wyo. 2005). "In the absence of anything to refute them, we will sustain the trial court's findings, and we assume that the evidence presented was sufficient to support those findings." In re Adoption of SDL , 2012 WY 78, ¶ 9, 278 P.3d 242, 245 (Wyo. 2012) (quoting Willowbrook Ranch, Inc. v. Nugget Exploration, Inc ., 896 P.2d 769, 771-72 (Wyo. 1995) ). As previously noted, the existence and validity of a contract is a question of fact. Maycock , ¶ 10, 33 P.3d at 1117. Accordingly, we must presume that the district court was correct in finding that Cowboy's and Ms. Schumacher had entered into a valid settlement agreement under which Cowboy's was obligated to pay Ms. Schumacher $98,742. The district court's findings are not clearly erroneous, and its ruling is consistent with our precedent.
[¶15] Cowboy's second appeal stems from the "deemed denial" of its Rule 60(b) motion to set aside the order enforcing the settlement agreement. Its third appeal stems from the district court's explicit denial of that motion. In both appeals, Cowboy's maintains, pursuant to W.R.C.P. 60(b)(4), that the denial was in error because the order enforcing the settlement agreement was void.
The granting or denying of relief pursuant to W.R.C.P. 60(b) is a matter within the discretion of the trial court, and our review is limited to the question of whether there has been an abuse of that discretion. McBride v. McBride , 598 P.2d 814, 816 (Wyo. 1979). When the judgment is attacked *503 pursuant to W.R.C.P. 60(b)(4), however, there is no question of discretion-either the judgment is void or it is valid-and, once the question of its validity is resolved, the trial court must act accordingly. Emery v. Emery , 404 P.2d 745, 749 (Wyo. 1965).
State ex rel. TRL v. RLP , 772 P.2d 1054, 1057 (Wyo. 1989). The district court's order enforcing the settlement agreement is not void. To the contrary, we are affirming that order. It does not matter whether Cowboy's motion to set aside the order is deemed denied or expressly denied by the district court. Either way, the motion was properly denied, and the district court's decision must be affirmed.
[¶16] Cowboy's further contends that the district court erred in ordering that, "in the event [Cowboy's] does not fully perform [its] obligations under the settlement agreement the subject property shall be sold by the Johnson County Sheriff to the highest bidder." It claims that the Settlement Agreement did not provide for foreclosure if Cowboy's did not comply, and therefore, the district court had no authority to order foreclosure. The fatal flaw in this argument is that it was never presented to the district court. "It is a basic premise of appellate practice that to preserve an issue for appeal, that issue must be called to the attention of the trial court in a clear manner." Elder v. Jones , 608 P.2d 654, 660 (Wyo. 1980) ; Yates v. Yates , 2003 WY 161, ¶ 15, 81 P.3d 184, 189 (Wyo. 2003). We follow this rule because it is unfair to reverse a ruling of a trial court for reasons that were not presented to it. Id ., ¶ 13, 81 P.3d at 188. "We have articulated and followed this principle on numerous occasions." Id . We follow it again now.
[¶17] Affirmed.

Ms. Schumacher also named her ex-husband, Theodore A. Schumacher, as a defendant in her complaint. He did not respond, and a default judgment was entered against him. Also named as a defendant was Warren L. Chord, the registered agent for Cowboy's, but Mr. Chord did not join in Cowboy's appeals. Accordingly, Mr. Schumacher and Mr. Chord are not parties to this appeal.